## Luzerne County Commissioners' Application

*Stephen Teller*, for exceptant.

*T. O. Wadzinski*, for purchaser.

VALENTINE, P. J., for court en banc, January 15, 1948.—At a public sale, held July 9, 1940, the county treasurer offered for sale, for the nonpayment of taxes, certain real estate situate in Hunlock Township, this county. The land so offered was described as:

"Templeton Plot, Lot 42 A - 43 - 43 A, Lot #412, Hunlock Township."

The said land had been assessed and exposed for sale as the property of John Barnacki. There being no other bidders, the county commissioners acquired title to the real estate held by Barnacki. In due course the commissioners contracted to sell the real estate to Albert

Swithers, and, upon due advertisement, exceptions to the proposed sale were filed by Harry Ratchford. The exceptions filed by Ratchford aver:

"4. Your petitioner avers that he is the owner of the land described in said item; that he acquired ownership of and is the present owner of the entire Templeton Plot in Hunlock Township, known as Hunlock Gardens, except the lots conveyed out of said plot by Hugh Templeton; that said item assessed in the name of 'John Barnacki' is a double assessment and that no such person, at any time, acquired ownership of the lots described as 'Templeton Plot Lot 42 A, 43, 43A and Lot 412'."

The exceptions were filed under the provisions of the Act of May 25, 1933, P. L. 1019, as amended by the Act of May 15, 1945, P. L. 538, 72 PS §5970c, which provides:

"Upon hearing being held, if no valid objections are interposed to said sale, and if it shall appear to the Court that said sale should be made according to its terms, the Court shall order the county commissioners to make and deliver to the purchaser a commissioners' deed for the proper conveying of said lands . . ."

The act sheds no light upon what shall be considered "valid objections", but we cannot conclude that it was the intention of the legislature that a valid objection to the approval of the sale exists because a person, other than the one in whose name the land sold was assessed, asserts title to the same, even though it appears that there may have been a double assessment. It is the duty of the county commissioners to dispose of lands acquired by them at treasurer's sale, and we do not think that the act contemplates that the sale should be disapproved because the title which the commissioners may convey is doubtful or uncertain. Title to real estate is not to be settled by the approval or disapproval of a contemplated sale by the county commissioners of lands which they allegedly acquired following a treasurer's sale.

In disposing of whatever title they acquired, the commissioners are complying with the requirements of section 17 of the Act of May 29, 1931, P. L. 280, as amended by the Act of June 20, 1939, P. L. 498, which provides, the "county commissioners shall, within six months after the expiration of such period, (for redemption) sell such lands at public or private sale, in the manner provided by law, for the best price or prices obtainable".

The lands so acquired by the county commissioners should not be held, and the court should aid the commissioners in disposing of the same: Petition To Sell Real Estate, 39 Luz. 95-97.

Exceptions are dismissed and the sale approved.